**KNOX COUNTY EDUCATION ASSOCIATION, Plaintiff–Appellant,**

v.

**The KNOX COUNTY BOARD OF EDUCATION and Earl Hoffmeister, Superintendent, of the Knox County School System, Defendants–Appellees.**

Court of Appeals of Tennessee, Eastern Section.

March 19, 1997.

Permission to Appeal Denied By Supreme Court Sept. 15, 1997.

Richard L. Colbert, Cornelius & Collins, Nashville, for Plaintiff–Appellant.

Catherine F. Quist, Deputy Law Director, Knoxville, for Defendants–Appellees.

*OPINION*

FRANKS, Judge.

In this declaratory judgment action, the Chancellor concluded that defendant could lawfully limit to five years, the credit for prior teaching experience of newly-employed teachers, and determined that defendant had complied with the collective bargaining agreement with plaintiff in setting teachers' salaries. Plaintiff has appealed.

Plaintiff brought suit against Defendant, charging that it was improperly setting teachers' salaries. Teachers' minimum salaries are set by the state, according to experience and education. This minimum salary may be supplemented by local authorities[1]. Since 1979, the Memorandum of Understanding negotiated between the defendant and plaintiff has provided for such a local supplement. This negotiated salary schedule has provided that:

> Newly employed teachers may receive credit for up to five (5) years prior teaching experience. Exceptions may be made by the Board with the Superintendent's recommendation.

Plaintiff challenged the legality of limiting credit for experience in this manner. In the alternative, if credit could be limited, plaintiff argued that the formula was improperly applied and that teachers were not actually paid the amount to which they were entitled. The Chancellor granted summary judgment to defendant on the issue of whether defendant could limit credit given for prior teaching experience, when determining the local salary supplement.

Plaintiff takes issue with the different factoring given to teachers' out of county experience in determining their salary.

---

1. Additional supplements may be awarded, for example under the career ladder program. These supplements are not implicated or at issue in this case.

While the state salary gives "full" credit[2] for years of teaching, the local supplement may give credit for only five years of out of county experience.

The state minimum salaries are set pursuant to statute:

> The commissioner, as approved by the board, shall annually formulate a *table of training and experience factors and a state salary schedule to be effective for each school year, which shall be applicable to all certificated personnel in every LEA* [Local Education Agency], and which shall include an established base salary per school year consisting of a term of two hundred (200) days for beginning certified personnel with a bachelor's degree and zero (0) years of experience. Certificated personnel having more training and experience shall receive more than the established base per school year. Certificated personnel having less training and experience shall receive less than the established base per school year. Such salary schedule shall not be applicable to substitute personnel under the state leave plan.

T.C.A. § 49–3–306(5)(A)(I) (emphasis supplied).

Plaintiff cites the emphasized portion of this provision as requiring uniformity in the method of salary calculation for every teacher in the state. It also cites T.C.A. § 49–5–402, which states:

> the superintendent shall establish the salary rating of each person employed as teacher ... using for this purpose the established *training and experience* of such school personnel and the respective state salary schedule for the school year, as prescribed by the state board of education and approved by the commissioner of education.

T.C.A. § 49–5–402(a) (emphasis supplied). Plaintiff argues that the local board may not alter these factors in assessing the local supplement.

However, T.C.A. § 49–3–306's mandate to set state salary minimums goes on to state that "[n]othing in this section shall prevent any LEA from supplementing salaries from its own local funds...." T.C.A. § 49–3–306(5)(A)(ii). And when the local board establishes their supplements:

> Each LEA shall establish a local salary schedule for all certificated personnel in such LEA, and *such schedule shall include, as a minimum, the same salary level or levels based upon college preparation* as established by the state board in the state salary schedule.

T.C.A. § 49–3–306(5)(B) (emphasis supplied).

This provision notably omits the factoring in of teaching experience.

There is one other element which indicates that the local board has discretion to vary salary criteria. State law states that salary is a proper subject of negotiation between the union and the school board. T.C.A. § 49–5–611[3]. It would make no sense to negotiate this aspect of employment if the local supplement and state minimum had to be calculated in the exact same manner.

Based upon the language of the above provisions, the Chancellor did not err in finding that the defendant could limit the experience credited to a teacher for the purpose of assessing a local salary supplement.

■ Following trial, the Chancellor concluded that defendant had complied with the collective bargaining agreement. He observed:

> The policy of the defendant was to limit the prior teaching credit for teachers from other school systems to five years of prior credit. The five years of prior credit, or less as the case may be, plus the number of years experience in the Knox County School System was used to determine the step or the salary schedule that each teacher with such credit would be paid. The salary schedule was part of the collective bargaining agreement.

---

2. The state scale actually peaks with 15 years of experience.

3. This statute reads in part:

The board of education and the recognized professional employees' organization shall negotiate in good faith the following conditions of employment: (1) Salaries or wages.... T.C.A. § 49–5–611(a).

The contract between the defendant and plaintiff sets the salaries as follows:

The annual Knox County salary schedule shall be determined by *adding the appropriate Knox County salary supplement* as included in Appendices B1, B2, and B3 *to the Annual Salary Schedule for Certified Classroom Teachers and Principals* (Rules, Regulations, and Minimum Standards 0520-1-2-.05) ... Newly employed teachers may receive credit for up to five years prior teaching experience. Exceptions may be made by the Board with the Superintendent's recommendation.

Appendix B, Agreement between the Board of Education of the Knox County Schools and the Knox County Education Association, 1985-1988[4].

Plaintiff argues that defendant has not calculated teacher's salaries by adding the local supplement to the state minimum, as stated in the contract above. It insists that (a) the five year experience limitation has been applied across the board to the state salary component as well as to the local supplement, or (b) the local supplement was awarded at less than the contractually agreed upon levels.

Several examples were offered at trial. They show that there is a discrepancy which occurs because a "composite salary schedule" was created by the defendant. This composite schedule is included in the April 1993 contract and the August 1995 contract as Appendix B. It purports to contain the variables of state minimum salary (based on all teaching experience) and the local supplement (may limit experience). Instead it shortchanges teachers who bring out of county experience as a teacher.

For example, take the case of Judith Grissom, which the parties discuss in their briefs. In 1990-91, Ms. Grissom had a master's degree and 24 years teaching experience, which entitled her to a state minimum salary of $21,975. Defendant gave her credit for 8 years experience. Using their "composite" salary schedule, she was placed as follows:

Appendix B, 1990-91 Salary schedule

| Step | B.S. | M.S. | M.S. + 45 | EdS | EdD |
|------|------|------|-----------|-----|-----|
| 0 | 20,150 | 21,480 | 22,800 | 23,185 | 24,485 |
| 1 | 20,965 | 22,315 | 23,635 | 24,015 | 25,305 |
| ... | | | | | |
| 8 | 23,875 | 25,390 | 26,680 | 27,080 | 28,375 |

The defendant apparently then took this $25,390.00 figure and subtracted her state minimum of $21,975.00. This left a difference of $3,415.00, which was classified as her "local supplement." A teacher with 8 years total experience, all within the Knox County system, would be placed at the same level 8 and also given a salary of $25,390.00. This person's state minimum for 8 years experience would be $20,335.00. The difference between this level 8 salary and the state minimum would be $5,055.00, which would constitute his/her "local supplement."

Using this composite schedule does not reflect all the variables and results in giving teachers with less experience greater bonuses than those with more experience. It can

4. The parties have stipulated that this method of calculating salaries was set forth in the same manner for all the contract years at issue in this proceeding.

Later contracts added this statement regarding the limit on new teacher's credit:

Pending the outcome of existing legislation [this case], all newly employed teachers and all currently employed teachers shall be subject to a five year prior teaching experience limit for purposes of the local salary supplement schedule. No teacher shall be denied full recognition of experience in the Knox County or former city system. In accord with prior practice, credit for experience beyond the five year limit may be granted by the Board if recommended by the Superintendent. For purposes of the State salary schedule, teachers shall receive credit for all experience recognized by the State Board of Education.

August 1995 Memorandum of Agreement between the Knox County Education Association and the Knox County Board of Education, Article XVII, Salaries and Wages (E).

This provision continues to apply the limit on experience only to the local supplement portion.

effectively negate any experience outside the school system. Despite the inclusion of this salary schedule in the some contracts, the contracts consistently state that salaries are to be determined by adding the appropriate salary supplement from Appendix B1 to the "Annual Salary Schedule.... [the state minimum]." Calculation according to the teachers contracts therefore requires that two tables be used, so that the state minimum is calculated and then the local supplement is added to that number. Adding the figures in these two tables would give the same local supplement to teachers placed at the same level of the local scale. But teachers with more experience overall would receive a minimum salary that reflects those extra years.

The exhibits for 1994–95 include such a local supplement table. Again the discrepancy in calculation is best illustrated with the Grissom example. In 1994–1995, Ms. Grissom had 28 years experience, entitling her to a state minimum of $25,220.00. She was given local credit for 12 years experience. The local supplement schedule was as follows:

| Step | Proposed Increase By Step | B.S. | M.S. | M.S. + 45 | EdS | EdD |
|------|---------------------------|------|------|-----------|-----|-----|
| 1 | $50 | $3,211 | $3,237 | $3,263 | $3,289 | $3,316 |
| 2 | $50 | $3,310 | $3,337 | $3,363 | $3,389 | $3,415 |
| ... | | | | | | |
| 12 | $75 | $6,433 | $6,459 | $6,489 | $6,512 | $6,538 |

This schedule at step twelve demonstrates that she is entitled to a supplement of $6,459.00. When combined with her state minimum of $25,220.00, she should receive a total salary of $31,679.00.

Instead of adding these figures, the defendant apparently placed her at step twelve on the "composite schedule":

| Step | B.S. | M.S. | M.S. + 45 | EdS | EdD |
|------|------|------|-----------|-----|-----|
| 1 | $23,611 | $25,150 | $26,653 | $27,092 | $28,566 |
| 2 | $23,710 | $25,150 | $26,753 | $27,192 | $28,665 |
| ... | | | | | |
| 12 | $28,937 | $30,729 | $32,224 | $32,918 | $34,172 |

We say apparently, because she was paid at the composite schedule's step 12 level of $30,729.00. Since defendant claims that it still pays her state minimum of $25,220.00 as required, it is effectively reducing her local supplement from $6,459.00 to $5,509.00.

This composite schedule results in placing her at the same salary as a teacher with 12 years total experience, all within the Knox County school system. That person would receive a state minimum of $24,390.00, but would be placed at the same composite schedule salary as Ms. Grissom, i.e., $30,729.00. This person would be receiving the full local supplement of $6,459.00, as agreed to in the collective bargaining agreement.

Essentially, defendant argues that the State minimum salary is not negotiable, nor is the mandatory minimal local supplement, as required by the State. It concedes that these discrepancies occur because of the teachers' placement on the local "composite" salary scale, and insists:

> Such a result occurs pursuant to the negotiated agreement when the five year limitation on credit for prior experience is applied to the local pay scale.

We cannot agree the parties intended this result when the collective bargaining is considered, along with the individual contracts. The contract clearly requires "adding" the two.

When defendant places a new teacher at a local step which is lower than their true experience, it is already reducing the supplement for which that person is eligible. By using the composite schedule, it further reduces the compensation in a manner which is contrary to the collective bargaining agreement. The collective bargaining agreement requires that the state minimum be added to the local supplement. We reverse the Chan-

cellor's finding that defendant had followed this method.

The cause is remanded to the Trial Court for the entry of an order declaring that a teacher's salary must be established by adding the local supplement to the statutorily required State minimum, and for any further proceedings in accordance with this declaration.

The cost of appeal is assessed one-half to each party.

GODDARD, P.J., and McMURRAY, J., concur.